# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Floyd Eck and Bonnie Eck, | ) | |
| | ) | Case No.: _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Racine County Circuit Court |
| | ) | Case No. 2020-CV-1482 |
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| Defendant. | ) | |

---

## NOTICE OF REMOVAL

---

TO:    CLERK OF THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF WISCONSIN

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant State Farm Fire and Casualty Company ("State Farm") hereby removes the action captioned *Floyd Eck and Bonnie Eck v. State Farm Fire and Casualty Company*, pending as Case No. 2020-CV-1486 in the Circuit Court of Racine County, Wisconsin ("the State Court Action") to the United States District Court for the Eastern District of Wisconsin and hereby states the following grounds for removal:

1.    On December 17, 2020, Plaintiffs Floyd Eck and Bonnie Eck ("Plaintiffs") commenced the State Court Action.  The Complaint asserts claims against State Farm for Breach of Contract and Bad Faith.  A true and correct copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**.

2.    State Farm, through its registered agent, received the Summons and Complaint in the State Court Action on December 22, 2020.  Thus, this notice is timely pursuant to 28 U.S.C. § 1446(b).

1

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 based on the following:

a. In the Complaint, Plaintiffs allege that State Farm breached its contract with Plaintiffs and that Plaintiffs have been damaged and will continue to suffer damages "[a]s a direct and proximate result of State Farm's breach." (Compl. at ¶ 55.)

b. In the Complaint, Plaintiffs allege that State Farm breached the implied covenant of good faith and fair dealing on multiple bases and seek has committed bad faith and seek compensatory and punitive damages from State Farm (*Id*. ¶¶ 56-60.)

4. According to the Complaint, Plaintiffs are individuals and residents of the State of Wisconsin. (*Id*. ¶ 1.)

5. State Farm is a foreign insurance company that maintains its principal place of business in Bloomington, Illinois. (*Id*. at ¶ 2.)

6. No party in interest properly joined and served as defendant is a citizen of Wisconsin. Accordingly, this action may be removed from state court pursuant to 28 U.S.C. §1441(b).

7. Under 28 U.S.C. § 1441(a), the State Court Action may be removed to the United States District Court for the Eastern District of Wisconsin because it is the United States District Court for the district and division embracing the place where the State Court Action is pending.

8. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Racine County, Wisconsin and is being served on counsel for Plaintiffs. See U.S.C. § 1446 (a) and (d). The Circuit Court of Racine County, Wisconsin, is located within the jurisdiction of this Court. A copy of the Notice of Filing of Notice of Removal to be filed in the State Court Action is attached hereto as **Exhibit B**.

2

9. State Farm submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief may be granted.

10. State Farm reserves the right to amend or supplement this Notice.

WHEREFORE, Defendant State Farm Fire and Casualty Company hereby removes the State Court Action to this Court.

Dated this 22nd day of January 2021.

MEISSNER TIERNEY FISHER & NICHOLS S.C.

By: /s/Mark D. Malloy
    Mark D. Malloy
    State Bar No: 1035066
    mdm@mtfn.com
    Steven L. Miracle
    State Bar No: 1089913
    slm@mtfn.com
    **Attorneys for Defendant,**
    **State Farm Fire and Casualty Company**

**Mailing Address**:
111 E. Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202
Phone: 414-273-1300
Fax: 414-273-5840

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| Floyd Eck and Bonnie Eck, | ) | |
| | ) | Case No.: _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Racine County Circuit Court |
| | ) | Case No. 2020-CV-1482 |
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| Defendant. | ) | |

---

## CERTIFICATE OF SERVICE

---

I, hereby certify that on January 22, 2021, a copy of the foregoing Notice of Removal was filed electronically suing the Court's CM/ECF System. I also caused a copy of the foregoing Notice of Removal to be filed with a Notice of Filing via Wisconsin's Circuit Court e-filing system and served via facsimile transmission to:

> Joshua M. Greatsinger
> Mayer, Graff, & Wallace LLP
> 1425 Memorial Drive
> Manitowoc, WI 54220
> FAX: 1-800-465-1031

Dated this 22nd day of January 2021.

MEISSNER TIERNEY FISHER & NICHOLS S.C.

By: /s/Mark D. Malloy
    Mark D. Malloy
    State Bar No: 1035066
    mdm@mtfn.com
    Steven L. Miracle
    State Bar No: 1089913
    slm@mtfn.com
    **Attorneys for Defendant,**
    **State Farm Fire and Casualty Company**

4

**Mailing Address**:
111 E. Kilbourn Avenue, 19th Floor
Milwaukee, WI  53202
Phone: 414-273-1300
Fax: 414-273-5840

# EXHIBIT A

**FILED**
**12-17-2020**
**Clerk of Circuit Court**
**Racine County**
**2020CV001482**
**Honorable Eugene A.**
**Gasiorkiewicz**
**Branch 2**

STATE OF WISCONSIN     CIRCUIT COURT     RACINE COUNTY

FLOYD ECK and BONNIE ECK,
3407 North Main Street
Racine, Wisconsin 53402,

Plaintiffs,

v

STATE FARM FIRE AND CASUALTY COMPANY,
One State Farm Plaza
Bloomington, Illinois 61710,
c/o Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, Wisconsin 53717,

Defendant.

Case No. 20-CV-_____
Case Code 30303

SLH Services

Server _____

Date 2-22-20 Time 11:25 AM

---

**SUMMONS**

---

**THE STATE OF WISCONSIN**

**TO EACH PERSON NAMED ABOVE AS A DEFENDANT:**

You are hereby notified that the Plaintiffs above named have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days after receiving this Summons, you must respond to the Complaint with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is 730 Wisconsin Avenue, Racine, WI 53403 and to **MAYER, GRAFF & WALLACE, LLP** Plaintiffs' attorneys whose

mailing address is 1425 Memorial Drive, Suite B, Manitowoc, WI 54220. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 17th day of December, 2020.

MAYER, GRAFF & WALLACE LLP

By:    s/ Joshua M. Greatsinger
        Joshua M. Greatsinger, SBN: 1094313
        Attorneys for Plaintiffs Floyd and Bonnie Eck

Mailing Address
1425 Memorial Drive
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
jgreatsinger@mgwlawwi.com

STATE OF WISCONSIN     CIRCUIT COURT     RACINE COUNTY

FLOYD ECK and BONNIE ECK,
3407 North Main Street
Racine, Wisconsin 53402,

                                        Plaintiffs,

v                                                       Case No. 20-CV-_____
                                                        Case Code 30303
STATE FARM FIRE AND CASUALTY COMPANY,
One State Farm Plaza
Bloomington, Illinois 61710,
c/o Registered Agent Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, Wisconsin 53717,

                                        Defendant.

---

## COMPLAINT

---

Plaintiffs Floyd and Bonnie Eck, by their attorneys, Mayer, Graff & Wallace LLP, allege and show to the Court as follows:

### PARTIES

1.    The plaintiffs, Floyd and Bonnie Eck, are and were at all relevant times spouses and adult citizens of the State of Wisconsin residing at 3407 North Main Street, Racine, Wisconsin 53402.

2.    The defendant, State Farm Fire and Casualty Company ("State Farm"), is and was at all relevant times a foreign insurance corporation with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710; and qualified and registered to do business in the State of Wisconsin with a registered agent for service of process identified as Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

3.    At all relevant times, the Ecks owned the residential property located at 3407 North Main Street, Racine, Wisconsin 53402 (the "property" or "residence").

4.    At all relevant times, State Farm issued a Homeowners Insurance Policy to the Ecks that provided coverage for, among other things, damage to their property consistent with the terms and conditions.

## JURISDICTION & VENUE

5.    The underlying claim which is the basis for the Ecks' Complaint arose out of damage to the property as a result of a storm on or about July 2, 2019 in which multiple trees fell on the property.

6.    Jurisdiction is proper because this action centers around an insurance claim for damage to real and personal property situated in Wisconsin.

7.    Venue is proper because this action centers around an insurance claim for damage to real and personal property in Racine County, Wisconsin.

## GENERAL ALLEGATIONS

8.    On or about July 2, 2019, a significant storm or weather event occurred on and around the Ecks' property.

9.    As a result of the storm, multiple trees on or near the Ecks' property were felled and, on at least one occasion, landed on the Ecks' residence causing substantial damage to the roof and interior.

10.    The above-described occurrence and resulting damages are and were covered pursuant to State Farm's policy.

11. The Ecks were and are displaced from their residence as a result of the above-described occurrence and resulting damages and will remain so until the necessary repairs are completed.

12. Following the above-described occurrence, the Ecks' promptly notified State Farm of the damage and submitted an insurance claim for the repairs.

13. The Ecks obtained invoices and solicited bids from mitigation and roofing contractors to support their insurance claim with additional amounts for the interior damages to be determined.

14. State Farm made payments for less than the incurred and supported amounts.

15. The Ecks subsequently retained a public adjuster, Miller Public Adjusters ("MPA"), to assist them with their insurance claim.

16. On or about January 17, 2020, MPA advised State Farm of its involvement and requested a certified copy of the insurance policy and the claim adjuster's contact information to discuss and continue the claim.

17. On or around January 24, 2020, almost seven months after State Farm received notice of the claim, State Farm prepared an estimate for the damages.

18. At that time, State Farm estimated the total value of the loss at $83,534.44 in replacement cost value ("RCV") and $68,807.38 in actual cash value ("ACV"), including $75,840.95 RCV for roof and interior repairs, $1,000 for tree and debris removal, and $6,693.49 for mitigation.

19.     Over the next several months, MPA attempted to contact State Farm's claim adjuster to confirm their involvement, discuss the status of State Farm's investigation, and identify additional amounts necessary to repair the Ecks' residence.

20.     During this time, State Farm was not responsive and made little or no effort to advance its investigation and payment of the claim.

21.     In the meantime, MPA solicited bids from contractors and subcontractors for amounts necessary to repair the Ecks' residence and obtained an opinion from an architect on building code compliance issues.

22.     On or about April 3, 2020, MPA submitted to State Farm a copy of the MPA estimate with contractor and subcontractor proposals and the architect's report in order to support a claim payment of $206,789.76, including $185,068.48 for the interior and exterior damages to the residence, $5,280.00 for additional damage to other structures, and $16,423.28 for damage to personal property or contents.

23.     One of the key differences between State Farm's estimate and MPA's estimate was MPA's inclusion of expenses for the removal of additional interior ceiling drywall or plaster, removal of a radiant heating system in the ceiling cavity, and replacement of insulation consistent with applicable building codes and to ensure that proper R-values and clearances from the radiant heating system were maintained.

24.     This was an important issue to determine the value of the Ecks' claim because the policy provided, among other things:

> *we* will pay the increased cost of replacing, rebuilding or repairing any ***building structure*** or other structure in accordance with the minimum code in force at the time of loss as required by state or

local authorities, when the loss or damage is caused by a *loss insured.*

25.    On or about April 23, 2020, State Farm advised it was in the process of requesting an opinion from an engineer to address the building code issues and also advised for the first time "[t]here is a question as to whether this Company is obligated to provide coverage to anyone[.]"

26.    More than a month later (nearly one year after the loss), on June 1, 2020, State Farm denied payment consistent with the MPA estimate based on the conclusions of its engineer and his purported discussion with a City of Racine Building Inspector who advised there were no building code compliance issues. State Farm further acknowledged it was still investigating the "specific electrical components that were directly exposed to water from the tree impact."

27.    Notably, when communicating with the City of Racine Building Inspector, State Farm's engineer compared the Ecks' situation to one where a person was re-roofing a shingle roof which ordinarily would not require that the attic insulation be upgraded.

28.    On June 5, 2020, MPA provided State Farm with an email from the City of Racine Building Inspector discussing the Ecks' property, stating, "This email is to confirm that the ceiling/roof insultation that is being removed that does not meet current code *must be brought up to current code* once removed." (emphasis added).

29.    State Farm rejected MPA's request for a joint inspection of the residence to resolve disagreements about the scope of the work, repair amounts, and building code issues consistent with the direction given by the City of Racine Building Inspector or as supported by the MPA estimate and other documents submitted to State Farm.

30.    Rather than oblige MPA's request for a joint inspection or arrange an inspection with the City of Racine Building Inspector to resolve the building code compliance issues, State

5

Farm's engineer discussed these issues with the City of Racine Building Inspector a second time and this time likened the situation to one where a person was replacing wet insulation which ordinarily would not require the insulation be upgraded.

31.     On or about June 19, 2020, State Farm advised MPA of its position that building code upgrades for the insulation were not necessary and that it was still in the process of reviewing and considering MPA's estimate on the interior repairs.

32.     By June 30, 2020, State Farm had still not advised MPA or its insured about the status of its review or reconsidered MPA's request for a re-inspection to resolve the differences.

33.     On or about July 1, 2020, the Ecks, through MPA, invoked the appraisal process under the insurance policy to resolve the ongoing disagreements over amounts of the loss.

34.     On or about July 13, 2020, State Farm rejected the Ecks' request for an appraisal based on its contentions that the only disagreements were over the scope of the work to be performed or coverage provided by the policy.

35.     State Farm made repeated representations to MPA that it was reviewing and revising its original estimate but failed to actually do so.

36.     Despite having EFW's invoice for the roof repairs, Miller's estimate, the contractor's estimate, an email from the City of Racine building inspector, and other information and documentation suggesting the cost of the roof repair was more than what State Farm had paid, State Farm refused to allow the Ecks to resolve these differences through appraisal.

37.     And, despite having all the above information, on July 30, 2020, State Farm demanded, "revised documentation such as an estimate showing no differences in scope with line-

by-line pricing details for each item on the estimate that is in dispute" in order to "reconsider" the Ecks' request for appraisal.

38.     There is and was a disagreement between the parties about the cost of roof repairs and other expenses necessary to bring the property back to its pre-loss condition which are contained in the various estimates, invoices and proposals that have been exchanged by the parties and/or the parties' representatives, including State Farm's estimate, Miller's estimate, Great Lakes Roofing's proposal, subcontractor proposals, EFW's invoice, architect and engineer reports, and emails from the City of Racine building inspector.

39.     State Farm had ample and sufficient notice of these disagreements and differences yet still refused to allow the appraisal process to move forward.

40.     State Farm has effectively prevented the claim from progressing absent any other procedure to resolve these disagreements and differences.

41.     Moreover, at best, State Farm resolved an uncertainty in its investigation and coverages—i.e., the necessity of building code compliance and replacement of insulation—against its insured without conducting a complete and thorough investigation, including a joint inspection of the residence and/or a meeting with the City of Racine Building Inspector on site to determine whether these claimed expenses were necessary as a result of a covered loss.

42.     Upon information and belief, the City of Racine Building Inspector has required that a building permit be pulled in order for the Ecks to complete the interior repairs to their residence.

43.     Upon information and belief, the City of Racine Building Inspector required that the insulation be removed and replaced with code-compliant insulation.

44.    As a result, the Ecks have or will incur significant additional expenses arising out of a covered loss for which State Farm refuses to issue payment.

45.    State Farm's refusal to cover these additional expenses arising out of the covered loss is a breach of the insurance policy.

46.    State Farm's refusal to allow a joint inspection of the property and to conduct a complete and thorough investigation of the loss is a breach of the insurance policy.

47.    State Farm's refusal to allow the Ecks to resolve a disagreement in the amount of the loss through the appraisal process is a breach of the insurance policy.

48.    To date, State Farm has refused to issue additional payments consistent with MPA's estimate or the claim support submitted by its insured, including any amounts for contents or personal property damage, additional amounts for code compliance issues, additional amounts for mechanicals, or other amounts submitted to State Farm for payment.

49.    At all relevant times, the Ecks have fully cooperated and complied with State Farm by notifying it of the loss, providing information about the history and condition of the property, providing access to the property for inspections, submitting estimates, proposals, invoices and other support for the claim, and prudently working to resolve disagreements over the value of the claim.

50.    State Farm, on the other hand, has repeatedly refused to consider important information to determine the full and true value of the insurance claim, has denied the Ecks' their contractual right to an appraisal, and has overall offered an amount that is substantially less that what the Ecks are entitled to recover under the policy.

51.    To date, the Ecks have been unable to return to their home and the necessary repairs have not been completed.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

52.    The insurance policy was and is a valid and binding contact between the parties.

53.    The Ecks substantially complied with all terms and conditions of the policy with respect to the subject insurance claim.

54.    Despite the Ecks' cooperation and compliance, State Farm and/or its authorized agents breached the policy by failing to, among other things:

   a.    Properly and timely adjust the claim;

   b.    Conduct a diligent investigation;

   c.    Relay accurate information concerning the terms and conditions of the policy;

   d.    Issue timely payment of the underlying claim in an appropriate amount to repair the significant property damage and to replace personal property;

   e.    Assist the Ecks' efforts to obtain timely payment of the subject insurance claim;

   f.    Acknowledge and indemnify the Ecks for all damage arising out of the loss described above;

   g.    Acknowledge the Ecks' contractual rights under the policy, including for payment of covered losses and an appraisal to resolve disagreements over the amount of a loss;

   h.    Any other acts or omissions to be shown at trial on the merits.

55.    As a direct and proximate result of State Farm's breach of the policy and non-compliance with Wisconsin laws governing the insurance industry, the Ecks have suffered and will continue to suffer damages, including but not limited to, those described in this Complaint.

## SECOND CAUSE OF ACTION – BAD FAITH

56.    By virtue of the policy issued by State Farm to the Ecks, State Farm owed certain express and implied duties to the Ecks, including but not limited to:

       a.    A duty of good faith and fair dealing;

       b.    A duty to act in the insured's best interests;

       c.    A duty to promptly acknowledge communications with respect to claims;

       d.    A duty to promptly perform claim investigation services;

       e.    A duty to provide necessary information and instructions to the insured for compliance and submission of claims;

       f.    A duty to attempt in good faith to effectuate a fair and equitable settlement of claims;

       g.    A duty to provide prompt and reasonable explanation of the basis in the policy or applicable law for any delay or denial of benefits;

       h.    A duty to refrain from requiring the insured to initiate a lawsuit to recover amounts due and owing under the policy;

       i.    A duty to promptly pay any undisputed or irrefutable loss in a timely fashion; and

       j.    A duty to promptly represent the terms and conditions of the policy.

57.    State Farm and/or its authorized agents breached the terms and condition of the policy and duties owed to the Ecks by failing or refusing to acknowledge the full amount of damage to the property as a result of a covered loss and make payments consistent with that amount in an effort to bring its insured back to their pre-loss condition.

58.    State Farm has breached the implied duty of good faith and fair dealing by refusing to pay those amounts at issue in the subject claim absent any reasonable proof or basis for the non-payment.

59.     State Farm has failed to proceed in a manner that is honest and informed and has acted in bad faith.

60.     As a direct and proximate result of State Farm's bad faith, the Ecks are entitled to recover all benefits due and owing under the policy, all other compensatory or pecuniary losses, reasonable attorney fees and costs, and punitive damages.

## THIRD CAUSE OF ACTION – STATUTORY INTEREST

61.     Wis. Stat. § 628.46 requires every insurer, including State Farm, to promptly pay every insurance claim within 30 days of notice and an amount.

62.     Any claim that is not paid within 30 days is overdue.

63.     State Farm was furnished written notice of the loss and any amount on this claim and has failed to make payment consistent with the policy.

64.     To the extent the claim or any portion of the claim is overdue, State Farm is liable for statutory interest.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A.     For payment of any unpaid portion of the claim as a result of property damage to covered property as described in this Complaint;

B.     For all other damage sustained by Plaintiff as a result of Defendant's breach of the policy;

C.     For all other contractual or other benefits due and owing under the policy;

D.     For statutory interest on any unpaid and/or overdue portion of the claim, pursuant to Wis. Stat. § 628.46;

E.     For litigation and investigation costs, including reasonable attorney fees;

11

F.     For punitive damages; and

G.     For all other relief this Court deems just and proper, including the costs and disbursements of this proceeding.

**PLAINTIFFS DEMAND A TRIAL BY JURY OF 12 PERSONS**

Dated this 17th day of December, 2020.

MAYER, GRAFF & WALLACE LLP

By:     s/ Joshua M. Greatsinger
             Joshua M. Greatsinger, SBN: 1094313
             Attorneys for Plaintiffs Floyd and Bonnie Eck

<u>Mailing Address</u>
1425 Memorial Drive
Manitowoc, WI 54220
(920) 683-5800 Telephone
(800) 465-1031 Facsimile
jgreatsinger@mgwlawwi.com

**FILED**
**12-17-2020**
**Clerk of Circuit Court**
**Racine County**
**2020CV001482**
**Honorable Eugene A.**
**Gasiorkiewicz**

**Branch 2**

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **RACINE**

Floyd Eck et al vs. State Farm Fire and Casualty Company    **Electronic Filing Notice**

Case No. 2020CV001482
Class Code: Other-Contract

STATE FARM FIRE AND CASUALTY COMPANY
C/O CORPORATION SERVICE CO.
8040 EXCELSIOR DRIVE, SUITE 400
MADISON WI 53717

Case number 2020CV001482 was electronically filed with/converted by the Racine County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 035fc6**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-636-3333.

Racine County Circuit Court
Date: December 17, 2020

GF-180(CCAP), 06/2017 Electronic Filing Notice      §801.18(5)(d), Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.

# EXHIBIT B

**STATE OF WISCONSIN    CIRCUIT COURT    RACINE COUNTY**

| | | |
|---|---|---|
| Floyd Eck and Bonnie Eck, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2020-CV-1482 |
| | ) | |
| v. | ) | |
| | ) | |
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that on January 20, 2021, Defendant State Farm Fire and Casualty Company caused removal of this action to the United States District Court for the Eastern District of Wisconsin. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

This Notice is being provided pursuant to 28 U.S.C. § 1446(d).

Dated this 22nd day of January 2021.

MEISSNER TIERNEY FISHER & NICHOLS S.C.
By: /s/Mark D. Malloy
    Mark D. Malloy
    State Bar No: 1035066
    mdm@mtfn.com
    Steven L. Miracle
    State Bar No: 1089913
    slm@mtfn.com
    **Attorneys for Defendant,**
    **State Farm Fire and Casualty Company**

**Mailing Address**:
111 E. Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202
Phone: 414-273-1300
Fax: 414-273-5840